**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW T. ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-00186 SPM |
| | ) | |
| ROBERT N. MAYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Matthew Estes', Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2] The Court will grant the Application and assess an initial partial filing fee of $22.66. Furthermore, after reviewing the pleading in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid.  *Id.*

 A review of plaintiff's account from the relevant six-month period indicates an average monthly deposit of $113.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.66.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

2

1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Matthew Estes, an inmate at Eastern Reception Diagnostic and Correctional Center, is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 against Judge Robert Mayer and Jeff Benoist, a Commissioner with the Commission on the Retirement, Removal and Discipline of Judges.[1] [ECF No. 1]. Plaintiff is suing Defendants in their official capacities only.

The gist of Plaintiff's claims in this case appears to be that Judge Mayer, who presided over three of Plaintiff's criminal actions in Dunklin County Court, failed to address Plaintiff with his proper name during the criminal proceedings. Instead of addressing Plaintiff as Matthew Thomas Estes, Judge Mayer addressed Plaintiff as Matthew Thomas Estes, Jr., during the proceedings. Plaintiff refers to Judge Mayer's refusal to refer to him by his proper name as "defamation," and he claims that Judge Mayer's actions violated his civil rights.[2] Plaintiff appears to allege that he complained about Judge Mayer's actions to the Commissioner's Office, but that nothing changed.

Plaintiff seeks monetary damages, impeachment of Judge Mayer and redaction of the wrong name in his court documents.

---

[1] This entity is a State of Missouri Commission that receives and investigates complaints concerning misconduct of all judges.

[2] In the body of his Complaint, Plaintiff also asserts that in one of his cases, Judge Spielman also refused to address him by his proper name.

**State Court Background**

A review of Missouri Case.net[3] indicates that on December 22, 2015, Plaintiff was charged by criminal complaint with felony domestic assault in the second degree. *See State v. Estes*, No. 15DU-CR01335 (35th Jud. Cir., Dunklin County Court).

The probable cause statement completed by Aaron Waynick, Deputy for the Dunklin County Sheriff's Department, on December 16, 2015, stated as follows:

> On 12/16/15 at approximately 11:39, I was dispatched to 101 Forrest Dr. in reference to a past tense domestic and to keep the peace while the victim got her things out of the house.
>
> When I arrived I met with the victim, Katie Estes. Katie told me that Matt hit her and slapped her again. Katie said Matt was outside cooking on the grill. Katie said she went outside to be with Matt while he was cooking. Katie said Matt got mad at her for being outside and asked her several times to go back inside. Katie said she finally did go back inside and she slammed the door when she did. Katie said Matt followed her and assaulted her several times, first by pushing her into the wall, then slapping her in the face, punching her in the face, choking her until she nearly passed out, throwing her to the floor and kicking her in the ribs. Katie said she is scared of Matt and that Matt has threatened to kill her in the past and told her the only way she is getting out of their marriage is through his shotgun barrel.

A Second Amended Information was filed on July 14, 2017, charging Plaintiff with the same charge as that in the criminal complaint. *See State v. Estes*, No. 15DU-CR01335-01 (35th Jud. Cir., Dunklin County Court). Plaintiff was also charged as a prior and persistent offender in the Amended Information based on a 2009 guilty plea to felony tampering with a motor vehicle, as well as a 2006 guilty plea to felony burglary in the second degree. However, prior to trial on July 18, 2017, the State of Missouri filed a Third Amended Information charging plaintiff with misdemeanor domestic assault in the third degree. Plaintiff was found guilty by a jury of this

---

[3]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

4

charge on July 18, 2017. Plaintiff was sentenced to a term of imprisonment of one year in the Dunklin County Jail on August 17, 2017.

On April 28, 2016, Plaintiff was charged by criminal complaint with felony assault in the first degree, felony child abuse and felony endangerment of a child. *See State v. Estes,* No. 16DU-CR00499 (35th Jud. Cir., Dunklin County Court). The probable cause statement completed by Christopher Faulkner, Officer for the Kennett Police Department, stated as follows:

> On 04/26/2016 Kennett Police Department received a call in reference to a child abuse case at the Piggott, AR. Hospital. The victim was 22 month old [MKC] (DOB 07/02/2014). [MKC] had facial contusions, and a fractured skull in three different places. [MKC] was airlifted to LeBonheur Children's hospital in Memphis, TN. The mother, Kari Muse, initially stated to Piggott hospital employees, that she put [MKC] to bed, and the next morning [MKC] had these injuries, and she had no idea how it happened. The only people in the residence that night was [MKC], Karie Muse, and her boyfriend, Matt Estes. According to Muse, Estes was alone with child for a short period of time that evening, as Muse ran an errand.
>
> An interview with Matt Estes' estranged wife was conducted on 04/27/2016. During the interview it was discovered that Matt Estes was physically abusive toward her, and their children.

An Information was filed in the case on September 20, 2016, charging Plaintiff with the same charges as those in the criminal complaint. *See State v. Estes*, No. 16DU-CR00499-01 (35th Jud. Cir., Dunklin County Court). An Amended Information was filed on September 24, 2021, charging Plaintiff with felony assault and felony abuse of a child.

After a jury trial on the matter on September 30, 2021, Plaintiff was found guilty of both charges, and on December 21, 2021, he was sentenced to a total term of imprisonment of thirty (30) years in the Missouri Department of Corrections. *See State v. Estes,* No. 16DU-CR00499-01 (35th Jud. Cir., Dunklin County Court).

Plaintiff appealed his conviction to the Missouri Court of Appeals, and the sentence was affirmed on February 1, 2023. *See State v. Estes*, 659 S.W.3d 655 (Mo.Ct.App. 2023). Plaintiff

5

filed a post-conviction motion to vacate his conviction pursuant to Missouri Rule 29.15 on May 12, 2023. *See Estes v. State*, No. 23DU-CC00053 (35th Jud. Cir., Dunklin County Court). The matter is currently under advisement.

## Discussion

A review of Plaintiff's allegations indicates that his claims against Defendants are subject to dismissal. Plaintiff's claims are brought against Defendants in their official capacities only. His claim against Jeff Benoist, a Commissioner with the Commission on the Retirement, Removal and Discipline of Judges, fails to state a claim.[4]

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As such, Plaintiff's official capacity claims against Jeff Benoist is actually a claim against his employer, the Commission on the Retirement, Removal and Discipline of Judges, which is an agency of the State of Missouri.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State,

---

[4] Construing Plaintiff's claim liberally, Plaintiff appears to allege that Benoist failed to have Judge Mayer removed from office after Plaintiff complained about him.

6

and the State is not a person under § 1983"). In the absence of a waiver, the Eleventh Amendment[5] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, Plaintiff's claims for money damages, brought against Defendants in their official capacities, are barred by the Eleventh Amendment and subject to dismissal. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."); *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983.").

Plaintiff's remaining claims, which relate to Judges Mayer and Spielman, who presided over his criminal cases, are subject to dismissal because Judges Mayer and Spielman are entitled to judicial immunity for the claims against them.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v.*

---

[5] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

*Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019). As such, Plaintiff's allegations against Judges Mayer and Spielman are subject to dismissal.

### Conclusion

Having thoroughly reviewed and liberally construed the Complaint and the supplemental documents, the Court concludes that it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the Complaint that would cause it to state a plausible claim for relief.

The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, such as those he wishes to bring under the Missouri Constitution and/or any Missouri State law. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $22.66. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

8

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any state law claims brought by Plaintiff in this action are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1367(c).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9